**MAISONETTE APARTMENTS, INC.,** Appellant

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, A. J. PRENDERGAST,** Chairman, Industrial Incentive Board,
**REUBEN A. WHEATLEY,** Commissioner of Finance

No. 17,411

United States Court of Appeals
Third Circuit

Argued January 28, 1969
Decided February 19, 1969
*See, also, 6 V.I. 76; 407 F.2d 236*

MERWIN AND SPENCER, Frederiksted, St. Croix, Virgin Islands (JOHN D. MERWIN, ESQ., of counsel), *for appellant*

BRUCE MACGIBBON, ESQ., Assistant Attorney General, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before FREEDMAN, VAN DUSEN and ALDISERT, *Circuit Judges*

OPINION OF THE COURT
Decided February 19, 1969

PER CURIAM:

The appellant, owner of an apartment house in Christiansted, St. Croix, unsuccessfully attempted to recover certain subsidies alleged to be due under a certificate of tax exemption and subsidy issued by the acting governor of the Virgin Islands.

On December 29, 1961, the appellant had filed with the Tax Exemption Board an application for tax exemptions and subsidies as then provided by the Act of July 5, 1957, No. 224. Scheduled to take effect two days later on January 1, 1962, was the Act of November 3, 1961, No. 798,

33 V.I.C. §§ 4001, et seq., which repealed and superseded the Act of 1957 and did not include the construction and operation of apartment houses as a business among those for which tax exemptions and subsidies could be granted. Notwithstanding the provisions of this new legislation, the acting governor did issue to the plaintiff in August, 1964, what purported to be a grant of tax exemption and subsidies.

 When the Government of the Virgin Islands subsequently refused to honor the exemption certificate, the appellant instituted suit in the District Court below. The court denied relief, holding that the grant issued by the acting governor was invalid and ineffective. We agree. This case is governed by Pentheny, Ltd. v. Government of the Virgin Islands, 360 F.2d 786, 5 V.I. 575 (3 Cir. 1966), where it was held: (a) the mere filing of an application while the Act of 1957 was still in force and not acted upon prior to the effective date of the superceding or repealing Act of 1961 did not confer upon the applicant any vested right; (b) the acting governor had no power after January 1, 1962, to grant requests for tax exemption and subsidy not authorized by appropriate legislation.

The judgment is affirmed.